## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**MISCHA ABSOLOMON WALKER,**          *

Petitioner,          *

v.          *          Civil Action No. RWT-14-0536
                                 Criminal No. RWT-12-0199

**UNITED STATES OF AMERICA,**          *

Respondent.          *

*

### MEMORANDUM OPINION

Pending is Petitioner Mischa Absolomon Walker's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.  Upon review of the papers filed, and for the reasons stated below, the Court will deny Walker's motion.[1]

### BACKGROUND

Petitioner Mischa Absolomon Walker ("Walker") spent the evening of December 18, 2011, terrorizing his neighborhood with a stolen sawed-off shotgun. ECF No. 21-1.  He fired the shotgun at least one time in the open, and pointed it at several residents.  *Id.*  This less-than-neighborly behavior is imprudent under most circumstances, but becomes downright foolhardy when one is, as Walker was, a felon who may not legally possess a gun.  *Id.*

After his neighbors called the police, Walker went back inside his house.  *Id.*  Police arrived and knocked on the door.  *Id.*  After some back and forth negotiation, Walker opened the

---

[1] Nearly three months after filing his reply to the government's response, Walker filed a "Motion for Leave to Traverse the Government's Response."  ECF No. 53.  This motion will also be denied.  Surreplies are disfavored. *Chubb & Son v. C&C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013).  Since Walker had the last word in this briefing, he can hardly have the need to address "new legal issues or new theories" in the government's response, which is the only time surreplies are permitted.  *Andrews v. Select Portfolio Servicing, Inc.*, 2010 WL 1176667, at *4 (D. Md. Mar. 24, 2010).  Walker had the opportunity to respond to each of the government's legal and factual contentions in his reply brief.  His failure to do so does not warrant a surreply.

door slightly, while standing behind his grandmother.  *Id.*  Seeing that Walker was unarmed, a police officer pulled Walker out and arrested him.  *Id.*  The police then conducted a protective sweep of the residence and found Walker's shotgun in plain view.  *Id.*

Walker was charged with one count of being a felon in possession of a firearm and one count of possessing an unregistered weapon.  ECF No. 8.  His attorney filed a motion to suppress on May 3, 2012, arguing that the warrantless search of Walker's residence violated the Fourth Amendment, and accordingly that the shotgun retrieved during that search could not be used by the government at trial.  ECF No. 15.  Before this motion could be litigated, Walker pled guilty to being a felon in possession of a firearm.[2]  ECF No. 20.  The plea agreement contemplated an offense level of 25 for sentencing purposes.  ECF No. 21 at 4.  With Walker's criminal history, this would have resulted in a sentencing guidelines range of 84-105 months.  However, the probation officer correctly, but unexpectedly, applied a 2-level enhancement for using a destructive device, resulting in a guidelines range of 100-120 months.[3]  ECF No. 26 at 3. Nevertheless, the government agreed to recommend a sentence within the guidelines range contemplated by the agreed upon offense level.  *Id.*  The Court sentenced Walker to the statutory maximum of 120 months of incarceration.  ECF No. 28.  The Fourth Circuit affirmed Walker's sentence.  *United States v. Walker*, 523 Fed. App'x 974 (4th Cir. 2013).

Walker filed the instant motion on February 24, 2014.  ECF No. 46.  He asserts that his counsel was ineffective for advising him to plead guilty instead of litigating the motion to suppress the gun recovered from his residence.  *Id.*

---

[2] The count of possessing an unregistered weapon was dismissed.  ECF No. 28 at 1.

[3] The guidelines range was actually 100-125 months, but the statutory maximum term for the offense Walker was convicted of is 10 years.

## ANALYSIS

Under 28 U.S.C. § 2255(a), a prisoner in custody may file a motion to vacate, set aside, or correct a sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to 28 U.S.C. § 2255(b), the Court may deny the motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see, e.g.*, *Zelaya v. United States*, No. DKC 05-0393, 2013 WL 4495788, at *2 (D. Md. Aug. 20, 2013).

Walker claims that he received ineffective assistance of counsel, specifically that his attorney advised him to plead guilty despite the existence of a meritorious Fourth Amendment claim. Ineffective assistance of counsel claims are analyzed under the rubric of *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* analysis requires that a defendant make two showings to establish ineffective assistance of counsel: that counsel's performance was so deficient as to be objectively unreasonable, and that there is a reasonable probability that, but for counsel's unreasonable performance, the outcome of the case would have been different. *Id.* at 687-94. When evaluating counsel's performance, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Establishing ineffective assistance of counsel where the defendant has pled guilty requires a showing that, but for counsel's deficient representation, the outcome of the plea process would have been different, i.e., that the defendant "would not have

pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985)

In order to resolve Walker's claim of ineffective assistance of counsel, the Court need not, of course, resolve Walker's Fourth Amendment claim on the merits, but need only determine whether the decision not to litigate the motion to suppress was reasonable.  It was.

As Walker points out, in *Kimmelman v. Morrison*, 477 U.S. 365 (1986), the Supreme Court stated that a defendant seeking to show ineffective assistance of counsel where counsel fails to pursue a motion to suppress for a Fourth Amendment violation must "prove that his Fourth Amendment claim is meritorious." *Id.* at 375.  Walker then attempts to explain why his Fourth Amendment claim was meritorious.  ECF No. 46-1 at 5-8.  But the requirement of a meritorious Fourth Amendment claim is little more than a restatement of *Strickland's* prejudice requirement.  Proving a meritorious Fourth Amendment claim is a necessary, but not sufficient, condition to show ineffective assistance of counsel where counsel fails to pursue a motion to suppress. *Kimmelman*, 477 U.S. at 382 ("a good Fourth Amendment claim alone will not earn a prisoner federal habeas relief").  Walker must also show that he has "been denied a fair trial by the gross incompetence" of his attorney. *Id.*  A review of counsel's performance, given what he knew at the time, shows that he was clearly not grossly incompetent.

First, unlike the attorney in *Kimmelman*, who failed to timely file a motion to suppress, *id.* at 368-69, Walker's attorney did file a proper motion to suppress.  Simply by filing the motion to suppress, Walker's attorney introduced some uncertainty into the government's case. With the gun in evidence, the government would have stood a strong chance of winning a conviction on both counts.  Without the gun, the government's prospects at trial, particularly as

4

to the possession of an unregistered firearm charge, grew shakier.  This uncertainty, of course, is what enables a defendant to exercise more leverage in plea negotiations; by simply filing the motion to suppress, Walker's attorney increased the odds of a favorable plea.[4]

More to the point, Walker's Fourth Amendment claim was not nearly so ironclad as he believes.  While the search of Walker's residence was indeed warrantless, there is certainly evidence indicating that the protective sweep that produced the shotgun was justified.  Walker, by all accounts, had possessed a gun when he fled inside.  When he was arrested, Walker was unarmed, meaning there was a loaded weapon somewhere inside the house.  The police also knew there was at least one other person in the house, Walker's grandmother, and there is nothing in the record to indicate that it was clearly unreasonable for the police to conduct a brief protective sweep to ensure that she did not have access to the firearm, or that there was no other individual in the home.  It is not necessary to decide whether Walker would have won or lost his motion to suppress.  It is sufficient to recognize that it was reasonable for counsel to have enough doubts about the prospects for success that he was competent in advising Walker to accept a favorable plea offer.  Had Walker litigated the motion to suppress and lost, his leverage in plea negotiations would vanish.

Also, even if Walker had won the motion to suppress, it does not necessarily follow that he would have been acquitted or the charges dismissed.  Multiple witnesses saw Walker in his neighborhood pointing and shooting a gun, i.e. possessing a firearm.  If those witnesses testified, a jury could conceivably have convicted Walker whether or not the firearm was introduced into evidence.  *Cf. Parker v. United States*, 801 F.2d 1382, 1385 (D.C. Cir. 1986) (affirming

---

[4] Notably, the government agreed to drop the unregistered firearm charge in exchange for Walker pleading guilty. This ensured, at the least, that Walker would not face the possibility of consecutive sentences.

conviction of carrying a firearm during commission of a crime of violence, notwithstanding that firearm was never recovered or introduced into evidence).

Thus, the decision not to litigate an uncertain motion to suppress in favor of accepting a favorable plea offer easily fell "within the wide range of reasonable professional assistance." *Id.* at 689. Walker's attorney appropriately filed a colorable motion to suppress, and reasonably advised Walker to accept a favorable plea offer rather than undertake the risks of litigation. Having received competent counsel, Walker's motion will be denied.

## CERTIFICATE OF APPEALABILITY

Walker may not appeal this Court's denial of relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. Appx. 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Walker has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 Fed Appx. at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. Appx. 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Walker's motion to vacate his sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Walker's claims, and therefore no certificate of appealability shall issue.

**CONCLUSION**

For the aforementioned reasons, Walker's motion will be denied and no certificate of appealability shall issue.  A separate Order follows.

Date: <u>July 29, 2015</u>                                           <u>                    /s/                    </u>
                                                                              ROGER W. TITUS
                                                                              UNITED STATES DISTRICT JUDGE